ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **OLGA RIVERA MIRANDA**<br>PETICIONARIA(S)-RECURRIDA(S)<br><br>V.<br><br>**JOSÉ D. SANTIAGO TORRES**<br>PETICIONADA(S)-PETICIONARIA(S) | **TA2025CE00401** | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Municipal de **PONCE**<br><br>Caso Núm.:<br>**OPA2024-050991**<br><br>Sobre:<br>Ley 54 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand, y la Juez Barresi Ramos.[1]

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 19 de diciembre de 2025.

Comparece ante nos el señor **JOSÉ D. SANTIAGO TORRES** (señor **SANTIAGO TORRES**) mediante *Apelación Certiorari* encausada el 4 de agosto de 2025. En su requerimiento, nos solicita que revisemos la *Orden de Protección* formulada el día 18 de febrero de 2025 por el Tribunal de Primera Instancia (TPI), Sala Municipal de Ponce.[2] Mediante el antedicho mandato, se declaró ha lugar la *Petición de Orden de Protección* interpuesta el 19 de noviembre de 2024 con una vigencia de dos (2) años. Entre otras cosas, se ordenó al señor **JOSÉ D. SANTIAGO TORRES** abstenerse de acercarse, molestar, intimidar, amenazar o de cualquier otra forma interferir con la señora **OLGA RIVERA MIRANDA** (señora **RIVERA MIRANDA**).

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre *Designación de Paneles en el Tribunal de Apelaciones*.

[2] Dicho dictamen judicial fue notificado y archivado en autos el 18 de febrero de 2025, así como diligenciado, ese mismo día, mediante Alguacil. Apéndice de la *Apelación Certiorari*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

Para el 19 de noviembre de 2024, en horas de la noche, se diligenció una *Orden de Protección Ex Parte* al señor **SANTIAGO TORRES.**[3] En estas circunstancias, al otro día, el señor **SANTIAGO TORRES** presentó la *Moción Solicitando Desestimación y Revocación de Orden*; y la *Moción Solicitando Devolución de Bienes al Peticionado.*[4] El 21 de noviembre de 2024, el tribunal *a quo* prescribió dos (2) *Resoluciones* en las cuales se declararon no ha lugar.[5]

Después, el señor **SANTIAGO TORRES** presentó el *Interrogatorio a Peticionaria Impuso una Ley 54 de Violencia Doméstica* con fecha de 22 de noviembre de 2024.[6] El 27 de noviembre de 2024, el señor **SANTIAGO TORRES** presentó *Moción Solicitando Reconsideración de Tres Resoluciones*.[7] Ese día, se decidieron *Resoluciones* en las cuales se declaró no ha lugar estos petitorios.[8]

En desacuerdo con estas *Resoluciones*, el 11 de diciembre de 2024, el señor **SANTIAGO TORRES** acudió ante este foro revisor mediante una *Apelación.*[9] El 13 de febrero de 2025, se dictó *Resolución* desestimando por falta de jurisdicción.

Luego de varios incidentes procesales, ante el tribunal primario, incluyendo suspensiones, el 18 de febrero de 2025, se celebró la audiencia final.[10] El señor **SANTIAGO TORRES** solicitó no estar presente durante dicha audiencia. El tribunal accedió y le aleccionó, en particular, que debía

---

[3] Dicha *Orden de Protección Ex Parte* fue extendida en varias ocasiones. Apéndice de la *Apelación Certiorari*, entrada núm. 2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] Apéndice de la *Apelación* **KLCE202500037**, págs. 7-11 y 13.

[5] *Íd.*, págs. 12 y 14.

[6] *Íd.*, págs. 3- 5.

[7] *Íd.*, págs. 27- 28.

[8] *Íd.*, págs. 6 y 1.

[9] A ese recurso, se le asignó el alfanumérico: **KLCE202500037.**

[10] El 5 de febrero de 2025, se decidió *Resolución* en la cual se suspendió la auto representación del señor **SANTIAGO TORRES.** Apéndice de la *Apelación Certiorari*, entrada núm. 11 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 2-7.

permanecer en el vestíbulo hasta que culminara la audiencia. De esa manera, el señor **SANTIAGO TORRES** no estuvo durante el desfile de la prueba; se escuchó el testimonio de la señora **RIVERA MIRANDA**; se emitió la *Orden de Protección;* y el señor **SANTIAGO TORRES** fue orientado sobre las implicaciones de la *Orden de Protección*. Con prontitud, el señor **SANTIAGO TORRES** presentó *Moción de Reconsideración de Orden de Protección del 18 de febrero [de] 2025.* El 19 de febrero de 2025, se resolvió una *Resolución* declarando no ha lugar la reconsideración.[11]

Más tarde, el 3 de abril de 2025, el señor **SANTIAGO TORRES** presentó *Moción Solicitando Revocación de Orden Ley 54 y de Instrucciones de Impedir al Peticionario Entrar al Edificio del Tribunal*. El 4 de abril de 2025, se pronunció *Resolución* en la cual se declaró no ha lugar dicha moción.[12]

Insatisfecho, el 16 de mayo de 2025, el señor **SANTIAGO TORRES** recurrió ante este Tribunal de Apelaciones.[13] El 23 de mayo de 2025, se dictaminó *Resolución* desestimando por falta de jurisdicción.

Próximamente, el 7 de julio de 2025, el señor **SANTIAGO TORRES** presentó su *Moción Solicitando Anulación Ley 64 por Inconstitucional.*[14] En ese momento, se dispuso *Resolución* expresando: "No ha lugar".[15]

Poco después, el 4 de agosto de 2025, el señor **SANTIAGO TORRES** encausó esta *Apelación Certiorari.*[16] El 18 de agosto de 2025, el señor **SANTIAGO**

---

[11] Apéndice de la *Apelación Certiorari*, entrada núm. 13 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 11-12.

[12] Íd., entrada núm. 14 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 14-15.

[13] Al mencionado recurso se le asignó el número: **KLCE202500540**.

[14] Apéndice de la *Apelación Certiorari*, entrada núm. 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), págs. 15-16.

[15] *Íd.*, entrada núm. 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA), pág. 18.

[16] Posteriormente, el señor **SANTIAGO TORRES** presentó: (i) el 11 de septiembre de 2025, *Moción Informativa Peticionaria Radicando Documentos en Primera Instancia Sala de Ponce y No Ante este Honorable Tribunal* acompañada de copia de *Moción Informativa Peticionaria Retira Petición de Ley 54;* y *Moción Informativa Resolución 28-8-2025 Tribunal Primera Instancia;* (ii) el 26 de septiembre de 2025, *Moción Solicitando Acción;* (iii) el 10 de noviembre de 2025, *Moción Informativa Resolución 28-8-2025 Tribunal Primera Instancia* (es idéntica al documento de 11 de septiembre de 2025); (iv) el 24 de noviembre de 2025, *Moción Informativa Resolución 28-8-2025 Tribunal Primera Instancia por Cuarta Ocasión;* (v) el 1 de diciembre de 2025, *Seguimiento Certiorari Lleva Meses Dormido Apelativo;* (vi) el 4 de diciembre de 2025, *Seguimiento Certiorari Lleva Meses Dormido Apelativo* (es idéntica al documento de 1 de diciembre de 2025); (vii) el 11 de diciembre de 2025, *Moción Solicitando Desestimación y Desistimiento de la Peticionaria.* **Todas estas mociones se dan por no puestas**.

**TORRES** presentó su *Apelación Certiorari Complementario Debido Procedimiento de Ley*.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la señora **OLGA RIVERA MIRANDA**.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II –

- A – *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[17] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[18]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[19] No obstante, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[20]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[21] La referida Regla

---

[17] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[18] *Íd.*
[19] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[20] *Íd.*
[21] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*

dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[22] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[23] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[24]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[25]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[26] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;

---

[22] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[23] 32 LPRA Ap. V., R. 52.1.
[24] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[25] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[26] *Íd.*

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[27]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[28] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[29] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[30] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación".[31]

Por otra parte, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción.[32] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[33]

En el ámbito judicial, el abuso de discreción puede manifestarse de diversas maneras, entre ellas: "cuando el juez, en la decisión que emite, no

---

[27] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[28] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).

[29] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

[30] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

[31] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

[32] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).

[33] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos".[34]

### - B – *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[35] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[36]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[37] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal carece de *jurisdicción,* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[38]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a*

---

[34] *Pueblo v. Ortega Santiago*, 125 DPR 203, 211-212 (1990).
[35] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[36] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).
[37] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).
[38] *FCPR v. ELA et al.*, *supra*; *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

*los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio".*[39]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".*[40] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[41]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[42]

## - B – *JUSTICIABILIDAD*

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[43] Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al

---

[39] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101- 102 (2020).

[40] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[41] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[42] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115-116, 215 DPR ____ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico" y "(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente".*

[43] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).

momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida.[44] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[45] Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real y sustancial.[46]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[47] Como regla general, un caso es *académico* "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia".[48]

- III –

El señor **SANTIAGO TORRES** apuntala que el tribunal incidió al faltar a la Constitución y al debido proceso de ley, negándole el descubrimiento de prueba, privándolo de la auto representación sin justificación alguna, celebrando vista sin su presencia con todos sus derechos. En su discusión, esboza que el tribunal no ejerció sus deberes constitucionales y viola el debido proceso de ley.

Al justipreciar la totalidad del legajo, se desprende que: (i) el **18 de febrero de 2025**, el tribunal primario determinó otorgar una *Orden de*

---

[44] *San Gerónimo Caribe Proyect v. ARPE*, 174 DPR 640 (2008).
[45] *Íd.*
[46] *Ortiz v. Panel FEI*, 155 DPR 219 (2001).
[47] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[48] *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017).

*Protección* con una vigencia hasta el **18 de febrero de 2026**; (ii) inconforme con la decisión, el señor SANTIAGO TORRES presentó una *Moción de Reconsideración de Orden de Protección del 18 de febrero [de] 2025;* y (iii) el **19 de febrero de 2025**, se pronunció *Resolución* declarando no ha lugar la interpelación.

Ante el hecho de que el **16 de mayo de 2025**, el señor SANTIAGO TORRES concurrió ante este Tribunal de Apelaciones cuestionando la *Orden de Protección* expedida el **18 de febrero de 2025** por la Sala Municipal de Ponce del Tribunal de Primera Instancia entendemos que es académica la controversia planteada en la actual *Apelación Certiorari.* Esto es, su planteamiento legal concerniente a la *Orden de Protección* ya fue objeto de un dictamen de este Tribunal y constituye *cosa juzgada*. De manera que, procede la ***desestimación*** del recurso sobre *Apelación Certiorari* por falta de *jurisdicción*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por falta de *jurisdicción,* la *Apelación Certiorari* incoada el 4 de agosto de 2025 por el señor **JOSÉ D. SANTIAGO TORRES;** y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente al señor SANTIAGO TORRES; al Tribunal de Primera Instancia, Sala Municipal de Ponce; y al Hogar de Cuido Prolongado Santa Marta.**

Lo acordó el Tribunal y certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones